O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. MOON, INC., TRUST A OF THE RJ & EB MOON TRUST DATED 5/30/1991,<br><br>Plaintiff,<br><br>v.<br><br>IQBAL ASHRAF; DOES 1–25, inclusive,<br><br>Defendants. | Case No. 2:13-cv-06562-ODW(JCx)<br><br>**ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** |

On September 6, 2013, Muhammad Latif removed this routine unlawful-detainer matter to this Court. (ECF No. 1.) But after reviewing the Notice of Removal and accompanying documents, the Court finds that it lacks subject-matter jurisdiction. The Court consequently **REMANDS** this case to Los Angeles County Superior Court, case number 13P00620.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party

seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

As an initial matter, the Court questions why Latif has removed this case. Latif styles himself an "unnamed" defendant. (Not. of Removal ¶ 5.) But he cites no authority for his ability to remove a case to which he is not a party. In fact, a civil action may only be removed by a "defendant." 28 U.S.C. § 1441(a).

Latif also has not established the diversity-jurisdiction requirements. He alleges that "Plaintiffs [*sic*] seek damages in his [*sic*] prayer for unspecified amount [*sic*] but cleverly claimed demand for under $10,000 on the face of the complaint in his [*sic*] effort to mislead the court and avoid the proper venue and jurisdiction for his [*sic*] claims." (Not. of Removal ¶ 3.) Latif claims that the true amount in controversy is really over $2.4 million. (*Id.*) But in an unlawful-detainer action, the amount in controversy is the reasonable rental value of the property for the time that the defendant wrongfully holds over in possession. Cal. Civ. Proc. Code § 1174(b); *MCA, Inc. v. Universal Diversified Enters. Corp.*, 27 Cal. App. 3d 170, 179 (Ct. App. 1972); (*see also* Not. of Removal Ex. A, at 3 (praying for damages "for each day that

the Defendant continues in possession of the Property")).  Plaintiff requested no more than $10,000 in its Complaint, which falls far below the $75,000 diversity-jurisdiction threshold.  28 U.S.C. § 1332(a).

Latif's citizenship allegations of the named parties are similarly deficient.  He alleges that "Defendant[1] is informed and believes . . . that Plaintiffs [*sic*] are at the time of filing of his action and still are, individuals domiciled in California, a California corporation[,] and citizens of the state of California."  (Not. of Removal ¶ 4.)  There are several problems with this allegation.  First, on removal, "alleging diversity of citizenship upon information and belief is insufficient."  *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Second, Latif refers to several "Plaintiffs," but there is only one Plaintiff: R.J. Moon Inc., Trust A of the RJ & EB Moon Trust Dated 5/30/1991.  Finally, Latif has adduced no evidence establishing R.J. Moon's complete citizenship.  R.J. Moon only alleges in its Complaint that it is "a corporation doing business in the State of California."  But this admission sheds dim light on R.J. Moon's state of incorporation and principal place of business—both of which are required to established corporate citizenship for diversity purposes.  28 U.S.C. § 1332(c)(1).

Latif also purports to invoke federal-question jurisdiction.  He confusingly alleges that if Latif "sought to enforce the trust deed and note by way of enforcing the federal court judgment, or sought a declaratory judgment on the extent, enforceability, and alienability of the rights conferred by the Federal Court judgment, there would be original federal question [*sic*] for Latif's complaint."  (Not. of Removal 6.)  Latif's references to what "would" happen if he were to seek a declaratory judgment do not establish federal-question jurisdiction.  The issue now is whether R.J. Moon's

---

[1] The Court presumes Latif refers to himself here.

Complaint properly invokes federal-question jurisdiction—not what could have happened had some other contingencies occurred. And even if a declaratory judgment played some role in this case—which it does not—it is beyond question that the Declaratory Judgment Act does not by itself vest a federal court with subject-matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).

The Court therefore finds that Latif has not established that this Court has subject-matter jurisdiction and **REMANDS** this action to Los Angeles County Superior Court, case number 13P00620. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

September 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**